# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

HADDEN I. CLARK[1]

Plaintiff

v * Civil Action No. RDB-17-3404

MR. RICKY FOXWELL, WARDEN

Defendant

\*\*\*

## MEMORANDUM OPINION

In response to this civil rights complaint Defendant Warden Ricky Foxwell filed a Motion to Dismiss or for Summary Judgment. ECF 16. Plaintiff opposes the motion via a Motion for Appropriate Relief. ECF 19. The Court deems a hearing unnecessary for the resolution of the matters pending before it. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendant's motion, construed as a Motion to Dismiss, shall be GRANTED and Plaintiff's Motion for Appropriate Relief shall be DENIED.

## Background

Plaintiff Hadden Clark, an inmate confined to Eastern Correctional Institution (ECI), claims that following his transfer to ECI from Western Correctional Institution (WCI) he has not received appropriate medical care. Specifically, he claims that he is not receiving the same type of medical care at ECI that he was receiving at WCI, that he is a chronic care patient, and medical staff at ECI have taken away all of his prescriptions for his "heart, eyes, sinus, etc." ECF 1 at p. 2. He claims the actions of the medical staff in refusing to renew his medications and refusing to examine him on one occasion when he complained about a rash on his groin

---

[1] The Clerk shall correct the spelling of Plaintiff's last name.

amount to discrimination against him because of the nature of his crimes.[2] ECF 1-2 at pp. 3-4. He further avers that because he is retired from the United States Navy, the Maryland Department of Corrections is supposed to give him all of his medical care. *Id.* at pp. 1-2, and 4. Plaintiff claims female nurses and female doctors are refusing to provide him with medical care. *Id.* at p. 4.

As relief, Plaintiff seeks reimbursement of the filing fee for this case, $45,000 in damages against Warden Foxwell, and a transfer to another medium security protective-custody facility "since ECI Medical Dept doesn't want to provide me with the same medical care I would get from the V.A. Hospital." ECF 1 at p. 3.

## Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a

---

[2] Plaintiff is serving a term of confinement for the murder of six-year old Michelle Dorr in 1986 and the murder of 23 year old Laura Houghteling in 1992. *See* https://en.wikipedia.org/wiki/Hadden_Clark

2

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

### Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a

criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *accord Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson*, 877 F.3d at 543. Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-7 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 839, 40 (1994); *see also Anderson v. Kingsley*, 877 F.3d 539, 544 (4th Cir. 2017). Under this standard, "the prison official must have both 'subjectively recognized a substantial risk of harm' and 'subjectively recognized that his[/her] actions were inappropriate in light of that risk.'" *Anderson*, 877 F.3d at 545 (quoting *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004)); *see also Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). "Actual knowledge

4

or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference because 'prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 842). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844; *see also Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016) ("[A] prison official's response to a known threat to inmate safety must be reasonable."). Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F.3d 383, 390 (4th Cir. 2001) (citing *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)) *see also Jackson v. Lightsey*, 775 F.3d 170, 179 (4th Cir. 2014) (physician's act of prescribing treatment raises fair inference that he believed treatment was necessary and that failure to provide it would pose an excessive risk).

The only named Defendant in this case is Warden Foxwell, but the complaint contains no allegation against Foxwell indicating that he either prevented Plaintiff's medical care or otherwise interfered with prescribed care. Further, Foxwell avers in his declaration under oath that he has no personal involvement in the provision of medical care to inmates; rather, the private medical care contractor is responsible for overseeing those matters. ECF 16 at Ex. 1. "Section 1983 liability on the part of . . . supervisory defendants requires a showing that: (1) the

5

supervisory defendants failed promptly to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (internal citations omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Slakan v. Porter*, 737 F.2d 368, 372-73 (4th Cir. 1984) (discussing supervisory liability for an inmate's beating by prison guards); *King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016). Here there is no allegation, let alone evidence, that Foxwell engaged in any conduct that would expose him to supervisory liability. Thus, the complaint fails to state a claim upon which relief may be granted and must be dismissed.

To the extent that Plaintiff simply named the wrong Defendant, his claim, even if it were raised against an appropriate party, still fails. The right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable*." *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (emphasis added) (quoting *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977)). "[A]n inadvertent failure to provide adequate medical care" does not amount to deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *accord Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)); *accord Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)

("[W]e have consistently found such disagreements to fall short of showing deliberate indifference."). Plaintiff's belief he is entitled to the same medical care he would be provided at a V.A. Hospital has no basis in law. Further, his claim that he is entitled to the same prescriptions given to him at WCI, without more, is not a viable Eighth Amendment claim. Absent ill-effects befalling Plaintiff as a result of the failure to provide him with prescription medications, there is no support for a finding that the Eighth Amendment has been abridged.

Plaintiff's Motion for Appropriate Relief seeks to expand the issues raised in the complaint to include an overall claim that he is mistreated by prison officials due to the nature of his crime and that he experiences harassment on a regular basis. ECF 19. He also seeks to combine the instant case with one he filed concerning his claim he was not provided a Kosher diet. *See Clark v. Foxwell*, Civil Action RDB-17-3403 (D. Md.).[3] In essence, Plaintiff seeks to add new claims to the instant complaint; however, pleadings in opposition to a dispositive motion are not the proper vehicles for amending a complaint or adding new claims; therefore, the motions shall be denied. *See Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-3193, 2015 WL 2227928, at *7 (D. Md. May 11, 2015).

## Conclusion

Where, as here, a prisoner files a complaint that is dismissed because it fails to state a claim upon which relief may be granted, the dismissal falls under the purview of 28 U.S.C. § 1915(e)(2)(B)(ii). Such a dismissal constitutes a "strike" and under 28 U.S.C. §1915(g) *in forma pauperis* status will not be granted if the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

---

[3] Plaintiff filed similar motions in that case.

7

physical injury." By separate Order which follows, the complaint will be dismissed and the Clerk directed to flag the case as a strike.

November 1, 2018
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE